**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| GEORGIANNA GORDAN, Individually and on Behalf of All Other Persons Similarly Situated, | 09 Civ. 07665-CM |
| Plaintiffs, | ECF Case |
| - against - | **ANSWER OF DEFENDANTS RITE AID CORPORATION AND RITE AID OF NEW YORK, INC.** |
| RITE AID CORP. and RITE AID OF NEW YORK, INC. and JOHN DOES #1-10, | **DOCUMENT ELECTRONICALLY FILED** |
| Defendants. | |

Defendants Rite Aid Corporation[1] (incorrectly identified as "Rite Aid Corp.") and Rite Aid of New York, Inc. ("Rite Aid" or "Defendants"), by and through their undersigned counsel of record, hereby file their Answer and Defenses to the Complaint filed by Plaintiff Georgianna Gordon[2] ("Gordon" or "Plaintiff"), allegedly on behalf of herself and other "similarly situated individuals" whom she purports to represent, whose existence is expressly denied.

## FIRST DEFENSE

Some or all of the claims asserted in the Complaint fail to state a claim upon which relief may be granted against Defendant by this Court.

## SECOND DEFENSE

This Court lacks personal jurisdiction over Rite Aid Corporation, which was never Plaintiff's employer and is not a proper party to this action.

---

[1] Rite Aid Corporation was not, and never has been during the relevant time frame, Plaintiff's employer. Plaintiff's employer at all relevant times was Rite Aid of New York, Inc. Rite Aid Corporation appears specially and without waiver of any jurisdictional defenses.
[2] Plaintiff's last name is misspelled in the caption as "Gordan."

**THIRD DEFENSE**

Some or all of the claims asserted in the Complaint are barred by the applicable statute of limitations.

**FOURTH DEFENSE**

This case is duplicative of litigation with identical or substantially similar parties and alleged claims previously filed and currently pending in the Southern District of New York.

**FIFTH DEFENSE**

Venue is not proper as to Rite Aid Corporation or some or all of the alleged group of persons Plaintiff purports to represent, the existence of which is expressly denied.

**SIXTH DEFENSE**

Some or all of the claims asserted in the Complaint are barred by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

**SEVENTH DEFENSE**

Plaintiff and/or some or all of the members of the alleged group of persons which Plaintiff purports to represent, the existence of which is expressly denied, have failed to comply with their legal duty to mitigate their claimed damages, their entitlement thereto being expressly denied.

**EIGHTH DEFENSE**

Plaintiff cannot satisfy the requirements of a collective action, and some or all of the claims asserted in the Complaint are barred because Plaintiff is not similarly-situated to the group of individuals she purports to represent, the existence of which is expressly denied, and/or the members of the group of individuals Plaintiff purports to represent, the existence of which is expressly denied, are not similarly situated to each other.

## NINTH DEFENSE

Some or all of the claims alleged by Plaintiff are neither common to nor typical of those, if any, of the alleged group of persons whom she purports to represent, the existence of which is expressly denied.

## TENTH DEFENSE

Plaintiff is an inadequate representative of some or all the alleged group of persons whom she purports to represent, the existence of which is expressly denied.

## ELEVENTH DEFENSE

The types of claims alleged by Plaintiff on behalf of herself and the group of persons which she purports to represent, the existence of which is expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class or collective treatment.

## TWELFTH DEFENSE

Some or all of the claims asserted in the Complaint are unsuitable for class treatment pursuant to Federal Rule of Civil Procedure 23.

## THIRTEENTH DEFENSE

Some or all of the claims asserted in the Complaint fail to meet the mandatory requirements of Federal Rule of Civil Procedure 23(a) and/or (b).

## FOURTEENTH DEFENSE

Some or all of the claims asserted in the Complaint are unsuitable for class and/or collective treatment because the prosecution of separate actions by members of the group of persons Plaintiff purports to represent, the existence of which is expressly denied, would not create a risk of adjudications with respect to proposed class members which would as a practical

matter be dispositive of the interests of the other proposed class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests.

## FIFTEENTH DEFENSE

Some or all of the claims asserted in the Complaint are barred because a class and/or collective action is not superior to other available methods for the fair and efficient adjudication of this controversy.

## SIXTEENTH DEFENSE

Plaintiff lacks standing to raise some or all of the claims of the alleged group of persons which she purports to represent, the existence of which is expressly denied.

## SEVENTEENTH DEFENSE

With respect to some or all claims brought or allegedly brought by Plaintiff and/or members of the alleged group which she purports to represent, the existence of which is expressly denied, Defendants affirmatively plead that any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the Fair Labor Standards Act ("FLSA"), the New York State Labor Law and/or other applicable law, were not willful, but occurred in good faith and were based upon reasonable factors.

## EIGHTEENTH DEFENSE

Some or all of the claims asserted in the Complaint are barred because all acts or omissions were in good faith conformity with and reliance on the written administrative regulations, orders, rulings, approvals, and/or interpretations of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or New York State Department of Labor.

## NINETEENTH DEFENSE

Neither Plaintiff nor any member of the group of persons Plaintiff purports to represent, the existence of which is expressly denied, are entitled to some or all of the relief requested in the Complaint because, even if any unlawful practice(s) occurred, which Defendants deny, such practice(s) was/were prohibited by Defendants' policies and was not committed, countenanced, ratified, or approved by higher management in Defendants' respective corporate structures.

## TWENTIETH DEFENSE

Defendants' actions were not willful, without justification, or in violation of the duty of good faith and fair dealing.

## TWENTY-FIRST DEFENSE

The damages claimed by Plaintiff and/or the members of the alleged group which she purports to represent, the existence of which is expressly denied, are barred to the extent they are speculative in nature.

## TWENTY-SECOND DEFENSE

Plaintiff's action may not be maintained as a class action because she seeks liquidated damages for both herself and the purported class she seeks to represent, the existence of which is expressly denied.  To the extent Plaintiff seeks to waive her rights to liquidated damages to avoid this obstacle, Plaintiff will be unable to adequately represent the interests of members of the alleged group Plaintiff purports to represent, the existence of which is expressly denied, who will be forced to forego full potential relief under New York Labor Law.

### TWENTY-THIRD DEFENSE

Certain of the interests of the Plaintiff are in conflict with the interests of some or all of the members of the alleged group of persons which Plaintiff purports to represent, the existence of which is expressly denied.

### TWENTY-FOURTH DEFENSE

The Complaint fails to state a claim for which compensatory, punitive or liquidated damages may be granted.

### TWENTY-FIFTH DEFENSE

Neither Plaintiff nor members of the alleged group which she purports to represent, the existence of which is expressly denied, may recover liquidated damages, because neither Defendants nor any of their respective officers, directors, managers, or agents committed any oppressive, willful, wanton, fraudulent, or malicious act or authorized or ratified any such act with respect to Plaintiff or any alleged group member, and because Plaintiff has failed to plead facts sufficient to support recovery of such damages.

### TWENTY-SIXTH DEFENSE

Notice to the alleged group that Plaintiff purports to represent, the existence of which is expressly denied, would be a violation of Defendants' due process rights.

### TWENTY-SEVENTH DEFENSE

Defendants are entitled to an offset with respect to any damages, the existence of which is expressly denied, allegedly suffered by Plaintiff or any member of the group she purports to represent, the existence of which is expressly denied.

### TWENTY-EIGHTH DEFENSE

The Complaint is barred, in whole or in part, because some or all of the time for which

compensation is sought is *de minimus* and therefore is not compensable.

## TWENTY-NINTH DEFENSE

The Complaint is barred, in whole or in part, because it requests relief which exceeds that available under applicable law.

## THIRTIETH DEFENSE

Plaintiff and the group she purports to represent, the existence of which is expressly denied, may not recover liquidated damages and prejudgment interest because such relief would amount to a "double recovery."

## THIRTY-FIRST DEFENSE

Some or all of the purported claims in the Complaint are barred because Plaintiff and some or all of the members of the group that she purports to represent, the existence of which is expressly denied, at all times relevant to this action were exempt from the minimum wage and overtime provisions of the Fair Labor Standards Act pursuant to 29 U.S.C. § 213(a)(1) including, but not limited to the executive and/or administrative exemptions.

## THIRTY-SECOND DEFENSE

Some or all of the purported claims in the Complaint are barred because Plaintiff and some or all of the members of the group that she purports to represent, the existence of which is expressly denied, at all times relevant to this action were exempt from the minimum wage and overtime provisions of the New York Labor Law, §§ 650 *et seq*. and applicable regulations, including, but not limited to the executive and/or administrative exemptions.

## THIRTY-THIRD DEFENSE

Some or all of the claims asserted in the Complaint are barred because Plaintiff and some or all of the members of the group she purports to represent, the existence of which is expressly denied, were in charge of the operations of the stores they managed.

## THIRTY-FOURTH DEFENSE

Some or all of the claims in the Complaint are barred in whole or in part by the doctrine of avoidable consequences.

## THIRTY-FIFTH DEFENSE

Some or all of the claims in the Complaint are barred by the doctrine of election of remedies.

## THIRTY-SIXTH DEFENSE

Some or all of the claims asserted in the Complaint may be barred under the doctrine of preemption.

## THIRTY-SEVENTH DEFENSE

The certification and trial of this case as a collective and/or class action would violate Defendants' rights under the Fifth and Seventh Amendments to the United States Constitution.

## THIRTY-EIGHTH DEFENSE

Defendants reserve the right to plead, assert, and rely upon all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiff, persons Plaintiff purports to represent, or discovery.

In response to the numbered allegations in the Complaint, and using the same numbering that appears therein, Defendants answer as follows:

## NATURE OF THE ACTION

1.

Defendants admit that Plaintiff purports to assert claims on her own behalf and putative collective action claims for alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").  Defendants deny that they violated the FLSA with respect to Plaintiff or any member of the alleged group of individuals she purports to represent, the existence of which is expressly denied.  Defendants deny that Plaintiff or any group she purports to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 1 of the Complaint.

2.

Defendants admit that Plaintiff purports to bring putative class action claims pursuant to Fed. R. Civ. P. 23 for alleged violations of New York State Labor Law § 215 *et seq*. ("NY Labor Law").  Defendants deny that they violated the NY Labor Law with respect to Plaintiff or any member of the alleged group of individuals she purports to represent, the existence of which is expressly denied.  Defendants deny that Plaintiff or any group she purports to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 2 of the Complaint.

## JURISDICTION AND VENUE

3.

Defendants admit that 28 U.S.C. § 1331 confers original jurisdiction upon this Court for actions arising under the laws of the United States and that 28 U.S.C. §§ 1343(3) and 1343(4), confer jurisdiction on this Court in civil actions that purport to recover damages or to secure equitable relief: (i) under any Act of Congress providing for the protection of civil rights; (ii)

under the Declaratory Judgment statute, 28 U.S.C. §2201; and (iii) under 29 U.S.C. §201 *et seq.*

Defendants further admit that this Court has original subject matter jurisdiction over Plaintiff's

claims brought pursuant to the FLSA. Defendants further admit that Plaintiff seeks to invoke the

Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a), which confers supplemental

jurisdiction over non-federal claims arising from a common nucleus of operative facts such that

they form part of the same case or controversy under Article III of the United States

Constitution. Except as expressly admitted herein, Defendants deny the allegations set forth in

Paragraph 3 of the Complaint.

4.

Defendants admit that venue is proper as to Rite Aid of New York, Inc. Defendants deny

that venue in the Southern District of New York is proper as to Rite Aid Corporation.

Defendants further deny that venue in the Southern District of New York is proper as to some or

all of Plaintiff's claims or some or all of the claims of the alleged group of persons she purports

to represent, the existence of which is expressly denied. Except as expressly admitted herein,

Defendants deny the allegations set forth in Paragraph 4 of the Complaint.

5.

Defendants admit that this Court has powers as set forth in 28 U.S.C. §§ 2201 and 2202.

Defendants expressly deny that Plaintiff or any member of the purported group she purports to

represent, the existence of which is expressly denied, are entitled to any of the relief sought in

the Complaint. Except as expressly admitted herein, Defendants deny the allegations set forth in

Paragraph 5 of the Complaint.

**THE PARTIES**

6.

On information and belief, Defendants admit that, at all relevant times, Plaintiff was an adult individual residing in Bronx County, New York.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 6 of the Complaint.

7.

Defendants admit that Rite Aid Corporation is a Delaware Corporation with its principal place of business at 30 Hunter Lane, Camp Hill, PA 17011.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8.

Defendants admit that Rite Aid of New York, Inc. conducts business within Bronx County, New York, and is a New York Corporation with its principal place of business at 30 Hunter Lane, Camp Hill, PA 17011.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 8 of the Complaint.

9.

Defendants deny the allegations set froth in Paragraph 9 of the Complaint.  Defendants deny that Rite Aid Corporation ever employed Plaintiff.

**COLLECTIVE ACTION ALLEGATIONS**

10.

Defendants admit that Plaintiff purports to bring a collective action pursuant to 29 U.S.C. § 216(b) on behalf of "all persons who are or were formerly employed by Defendant at any time since September 2, 2003 to the entry of judgment in this case ('the Collective Action Period'),

who were non-exempt employees within the meaning of the FLSA and who were not paid

overtime compensation at rates not less than one and one-half times the regular rate of pay for

hours worked in excess of forty hours per workweek (the 'Collective Action Members')."  The

existence of any such "class" is expressly denied and Defendants deny that Plaintiff or any group

she purports to represent is entitled to any relief whatsoever.  Defendants further deny that they

violated the FLSA with respect to Plaintiff or any member of the alleged "class" of individuals

she purports to represent.  Defendants further deny that Rite Aid Corporation was ever Plaintiff's

employer.  Except as expressly admitted herein, Defendants deny the allegations set forth in

Paragraph 10 of the Complaint.

## 11.

Defendants deny the allegations set forth in Paragraph 11 of the Complaint.

## 12.

Defendants are without sufficient information or knowledge to admit or deny and

therefore deny that Plaintiff has retained counsel "that is experienced and competent in the fields

of employment law and class action litigation."  Except as expressly admitted herein, Defendants

deny the allegations set forth in Paragraph 12 of the Complaint.

## 13.

Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

## 14.

Defendants deny the allegations set forth in Paragraph 14 of the Complaint, subparts (a)-

(h) inclusive.  Defendants further expressly deny that they violated the FLSA with respect to

Plaintiff or any member of the alleged "class" of individuals she purports to represent, the

existence of which is expressly denied.  Defendants further deny that Rite Aid Corporation was

ever Plaintiff's employer.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 14 of the Complaint, subparts (a)-(h) inclusive.

15.

Defendants are without sufficient knowledge or information to admit or deny what Plaintiff may "know," and therefore deny the same.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

**CLASS ALLEGATIONS**

16.

Defendants admit that Plaintiff purports to bring a class action pursuant to Fed. R. Civ. P. 23(a), (b)(2) and (b)(3) on behalf of herself and an alleged "class of persons."  The existence of any such "class" is expressly denied and Defendants deny that Plaintiff or any group she purports to represent are entitled to any relief whatsoever.  Defendants further deny that Rite Aid Corporation was ever Plaintiff's employer.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 16 of the Complaint.

17.

Defendants admit that Plaintiff purports to bring a class action alleging violations of the NY Labor Law on behalf of "all persons who were employed by Defendant at any time since September 2, 2003 to the entry of judgment in this case ('the Class Period'), who were non-exempt employees within the meaning of the New York Labor Law and have not been paid overtime wages in violation of the New York Labor Law (the 'Class')."  The existence of any such "class" is expressly denied and Defendants deny that Plaintiff or any group she purports to represent are entitled to any relief whatsoever.  Defendants further deny that they violated the NY Labor Law with respect to Plaintiff or any member of the alleged "class" of individuals she

purports to represent.  Defendants further deny that Rite Aid Corporation was ever Plaintiff's

employer.  Except as expressly admitted herein, Defendants deny the allegations set forth in

Paragraph 17 of the Complaint.

18.

Defendants deny the allegations set forth in Paragraph 18 of the Complaint.

19.

Defendants deny the allegations set forth in Paragraph 19 of the Complaint.

20.

Defendants deny the allegations set forth in Paragraph 20 of the Complaint.

21.

Defendants are without sufficient knowledge or information to admit or deny, and

therefore deny, the allegations set forth in Paragraph 21 of the Complaint.

22.

Defendants deny the allegations set forth in Paragraph 22 of the Complaint.

23.

Defendants deny the allegations set forth in Paragraph 23 of the Complaint, subparts (a)-

(f) inclusive.  Defendants further expressly deny that they violated the NY Labor Law with

respect to Plaintiff or any member of the alleged "class" of individuals she purports to represent,

the existence of which is expressly denied.  Defendants further deny that Rite Aid Corporation

was ever Plaintiff's employer.  Except as expressly admitted herein, Defendants deny the

allegations set forth in Paragraph 23 of the Complaint, subparts (a)-(f) inclusive.

## STATEMENT OF FACTS

24.

Defendants admit that Plaintiff was employed by Rite Aid of New York, Inc. from approximately July 30, 2007 until June 16, 2009, but expressly deny that Plaintiff was employed as a "clerk."  Defendants further deny that Rite Aid Corporation was ever Plaintiff's employer. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

25.

Defendants admit that Plaintiff was employed by Rite Aid of New York, Inc. from approximately July 30, 2007 until June 16, 2009.  Defendants deny that Rite Aid Corporation was ever Plaintiff's employer.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 25 of the Complaint.

26.

Defendants admit that Plaintiff worked as an Assistant Store Manager at a store located at 4159 White Plains Road (corner of 231st Street), Bronx County, New York.  Defendants further admit that when Plaintiff was promoted to Store Manager, she was transferred to the store located at 4389 White Plains Road (corner of 237th Street), Bronx County, New York. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27.

Defendants admit that some of the job duties for which Plaintiff was responsible to ensure were completed were opening and closing the store, responding to customer complaints, monitoring the security of the store, depositing cash, assigning subordinate employees' job

duties, and approving the voiding of charges and returns. Defendants further admit that Plaintiff had responsibility for managing the operations of the store in which she worked as an Assistant Store Manager, but respond that the actual job duties performed by Plaintiff vary day-to-day depending on such factors as the Store Manager(s) who supervised her; her experience level as an Assistant Store Manager; traits of each hourly employee she supervised; unique operating needs of her store including, but not limited to, unique staffing issues, local events, time of year, changing weather, and other unique factors. Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint to the extent that they infer or imply any wrongdoing by Defendants. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28.

Defendants deny the allegations contained in Paragraph 28 of the Complaint. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer.

29.

Defendants deny the allegations set forth in Paragraph 29 of the Complaint. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer.

30.

Defendants admit that during the time Plaintiff was employed as an Assistant Store Manager by Rite Aid of New York, Inc., Plaintiff was sometimes scheduled to work fifty hours per week. Defendants deny the allegations contained in Paragraph 30 of the Complaint to the extent that they infer or imply any wrongdoing by Defendants. Defendants deny that Rite Aid

Corporation was ever Plaintiff's employer. Except as expressly admitted herein, Defendants

deny the allegations set forth in Paragraph 30 of the Complaint.

31.

Defendants admit that during the time Plaintiff was employed as an Assistant Store

Manager by Rite Aid of New York, Inc., Plaintiff was paid on a salary basis. Defendants deny

that Rite Aid Corporation was ever Plaintiff's employer. Except as expressly admitted herein,

Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32.

Defendants deny the allegations contained in Paragraph 32 of the Complaint to the extent

that they infer or imply any wrongdoing by Defendants. Defendants deny that Rite Aid

Corporation was ever Plaintiff's employer. Except as expressly admitted herein, Defendants

deny the allegations set forth in Paragraph 32 of the Complaint.

33.

Defendants admit that while Plaintiff was employed as a salaried Assistant Store

Manager, Plaintiff was properly classified as exempt under the FLSA and the NY Labor Law and

thus received a salary for all hours worked. Defendants deny that Rite Aid Corporation was ever

Plaintiff's employer. Except as expressly admitted herein, Defendants deny the allegations set

forth in Paragraph 33 of the Complaint.

34.

Defendants admit that during the relevant time period, Rite Aid of New York, Inc.

employed persons in the position of salaried Assistant Store Manager who were properly

classified as exempt under the FLSA and NY Labor Law and thus received a salary for all hours

worked. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer or the

employer of any putative class member, the existence of which is expressly denied. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 34 of the Complaint.

35.

Defendants deny the allegations set forth in Paragraph 35 of the Complaint. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer.

36.

Defendants deny the allegations set forth in Paragraph 36 of the Complaint. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer.

37.

Defendants are without knowledge or information as to Plaintiff's allegation that she "electronically punched in and out of her job using a program installed on the cash register" and therefore deny said allegation. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38.

Defendants deny the allegations set forth in Paragraph 38 of the Complaint. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer.

39.

Defendants admit that Rite Aid of New York, Inc. employed other persons with the title of Assistant Store Manager, but expressly denies Plaintiff's characterization of any such employees as "AM Clerk employees." Defendants further admit that during her employment with Rite Aid of New York, Inc. as a salaried Assistant Store Manager, Plaintiff was sometimes

scheduled to work fifty hours per week. Defendants deny the remaining allegations contained in Paragraph 39 of the Complaint. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40.

Defendants admit that Rite Aid of New York, Inc. employed other persons with the title of salaried Assistant Store Manager, but expressly denies Plaintiff's characterization of any such employees as "AM Clerk employees." Defendants admit that during the relevant time period, Plaintiff was properly classified as exempt under the FLSA and the NY Labor Law and thus received a salary for all hours worked. Defendants further admit that during the relevant time period, Rite Aid of New York, Inc. employed persons in the position of salaried assistant store manager who were properly classified as exempt under the FLSA and NY Labor Law and thus received a salary for all hours worked. Defendants further deny that Rite Aid Corporation was ever Plaintiff's employer or the employer of any putative class member, the existence of which is expressly denied. Except as expressly admitted, Defendants deny the allegations set forth in Paragraph 40 of the Complaint.

41.

Defendants are without knowledge or information as to Plaintiff's allegations set forth in Paragraph 41 of the Complaint, and therefore deny said allegations. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer.

42.

Defendants deny the allegations set forth in Paragraph 42 of the Complaint. Defendants

deny that Rite Aid Corporation was ever Plaintiff's employer.

43.

Defendants admit that during the period she was employed by Rite Aid of New York,

Inc. as a salaried Assistant Store Manager, relevant time period, Plaintiff was properly classified

as exempt under the FLSA and the NY Labor Law and thus received a salary for all hours

worked. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer. Except as

expressly admitted herein, Defendants deny the allegations set forth in Paragraph 43 of the

Complaint.

44.

Defendants admit that Rite Aid of New York, Inc. employed other persons with the title

of Assistant Store Manager, but expressly denies Plaintiff's characterization of any such

employees as "other Clerk employees." Defendants further deny that Rite Aid Corporation was

ever Plaintiff's employer or the employer of any putative class member, the existence of which is

expressly denied. Except as expressly admitted, Defendants deny the allegations set forth in

Paragraph 44 of the Complaint.

45.

Defendants deny the allegations set forth in Paragraph 45 of the Complaint. Defendants

deny that Rite Aid Corporation was ever Plaintiff's employer or the employer of any putative

class member, the existence of which is expressly denied.

46.

Defendants admit that during the relevant time period, Rite Aid of New York, Inc. employed persons in the position of salaried Assistant Store Manager who were properly classified as exempt under the FLSA and NY Labor Law and thus received a salary for all hours worked. Defendants further deny that Rite Aid Corporation was ever Plaintiff's employer or the employer of any putative class member, the existence of which is expressly denied. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47.

Defendants deny the allegations set forth in Paragraph 47 of the Complaint. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer or the employer of any putative class member.

48.

Defendants deny the allegations set forth in Paragraph 48 of the Complaint. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer or the employer of any putative class member.

49.

Defendants deny the allegations set forth in Paragraph 49 of the Complaint. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer or the employer of any putative class member.

## FIRST CLAIM FOR RELIEF
## <u>FAIR LABOR STANDARDS ACT</u>

50.

Defendants incorporate their responses to Paragraphs 1-49 of the Complaint as if fully set forth herein.

51.

Defendants admit that Rite Aid of New York, Inc. is an "enterprise engaged in commerce" within the meaning of Section 3(s)(1) of the FLSA. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52.

Defendants admit that Rite Aid of New York, Inc. employed Plaintiff and other persons as Assistant Store Managers within the meaning of the FLSA. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53.

Defendants admit that at all relevant times, Rite Aid of New York, Inc. had an annual gross volume of sales in excess of $500,000. Defendants deny that Rite Aid Corporation was ever Plaintiff's employer. Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 53 of the Complaint.

54.

Defendants admit that Plaintiff has attached to her Complaint a form entitled "Consent to Become A Party Plaintiff," but expressly denies that Plaintiff can maintain a collective action

under Section 216(b) of the FLSA.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

55.

Defendants deny the allegations set forth in Paragraph 55 of the Complaint.  Defendants deny that Rite Aid Corporation was ever Plaintiff's employer.

56.

Defendants deny the allegations set forth in Paragraph 56 of the Complaint.  Defendants deny that Rite Aid Corporation was ever Plaintiff's employer.

57.

Defendants deny the allegations set forth in Paragraph 57 of the Complaint.  Defendants deny that Rite Aid Corporation was ever Plaintiff's employer.

58.

Defendants deny the allegations set forth in Paragraph 58 of the Complaint.  Defendants deny that Rite Aid Corporation was ever Plaintiff's employer.

59.

Defendants deny the allegations set forth in Paragraph 59 of the Complaint, and expressly deny that Plaintiff or members of any group she purports to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendants deny that Rite Aid Corporation was ever Plaintiff's employer.

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

60.

Defendants incorporate their responses to Paragraphs 1-59 of the Complaint as if fully set forth herein.

61.

Defendants admit that Plaintiff was employed by Rite Aid of New York, Inc. within the meaning of the New York Labor Law, but expressly deny that Rite Aid Corporation was ever Plaintiff's employer.  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 61 of the Complaint.

62.

Defendants deny the allegations set forth in Paragraph 62 of the Complaint.  Defendants deny that Rite Aid Corporation was ever Plaintiff's employer.

63.

Defendants deny the allegations set forth in Paragraph 63 of the Complaint.  Defendants deny that Rite Aid Corporation was ever Plaintiff's employer.

64.

Defendants deny the allegations set forth in Paragraph 64 of the Complaint, and expressly deny that Plaintiff or members of any group she purports to represent, the existence of which is expressly denied, are entitled to any relief whatsoever.  Defendants deny that Rite Aid Corporation was ever Plaintiff's employer.

65.

Defendants admit that Plaintiff purports to "waive his [sic] right to punitive damages under the New York Labor law contingent on the continued existence of his [sic] class action claims."  Except as expressly admitted herein, Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff or any group of individuals whom she purports to represent, the existence of which is expressly denied, are entitled to any of the relief identified in Plaintiff's Prayer for Relief, subparagraphs (a)-(j), inclusive, or to any other relief of whatsoever nature.

## DEMAND FOR TRIAL BY JURY

Defendants deny that Plaintiff is entitled to a trial by jury on some or all of her claims.

Defendants deny each and every allegation in the Complaint not expressly admitted herein.

## DEFENDANTS' PRAYER FOR RELIEF

WHEREFORE, having fully answered and responded to the allegations of the "Complaint And Jury Demand," Defendants respectfully request that:

(1)    Plaintiff's individual claims be dismissed with prejudice and in their entirety;

(2)    Collective action status be denied or, in the alternative, that all collective claims be dismissed with prejudice;

(3)    Class action status be denied or, in the alternative, that all class claims be dismissed with prejudice;

(4)    Each and every prayer for relief contained in the "Complaint And Jury Demand" be denied;

(5)    Judgment be entered in favor of Defendants;

(6)    All costs, including reasonable attorneys' fees, be awarded to Defendants and against Plaintiff pursuant to applicable laws, and

(7)    Defendants have such other relief as this Court may deem just and proper.

Respectfully submitted, this the 8th day of October, 2009.

                                              _____ s/Patrick Brady

Patrick G. Brady, Esq.
Bar No. PB1114
pbrady@ebglaw.com
**EPSTEIN BECKER & GREEN, P.C.**
250 Park Avenue
New York, New York 10177-1211
Telephone: (212) 351-4500

Two Gateway Center, 12th Floor
Newark, New Jersey 07102-5003
Telephone: (973) 642-1900
Facsimile: (973) 639-8556


Daniel E. Turner, Esq.
(*Pro Hac Vice* Motion Pending)
danturner@asherafuse.com
Lauren H. Zeldin, Esq.
(*Pro Hac Vice* Motion Pending)
laurenzeldin@asherafuse.com
**ASHE, RAFUSE & HILL LLP**
1355 Peachtree Street, N.E.
Suite 500
Atlanta, Georgia 30309-3232
Telephone: (404) 253-6000
Facsimile: (404) 253-6060


Counsel for Defendants Rite Aid of New York,
Inc. and Rite Aid Corporation