UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GEORGIANNA GORDAN, Individually and on Behalf of All Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>- against -<br><br>RITE AID CORP. and RITE AID OF NEW YORK, INC. and JOHN DOES #1-10,<br><br>Defendants. | **09 Civ. 07665-CM**<br>ECF Case<br><br><br>**DOCUMENT ELECTRONICALLY FILED** |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS OR, ALTERNATIVELY, TO STAY UNDER THE "FIRST-FILED" RULE**
_____

Patrick G. Brady, Esq.
  *Of Counsel.*

**EPSTEIN BECKER & GREEN, P.C.**
250 Park Avenue
New York, New York 10177-1211
Telephone: (212) 351-4500

Two Gateway Center
12th Floor
Newark, New Jersey 07102-5003
Telephone: (973) 642-1900
pbrady@ebglaw.com

Daniel E. Turner, Esq.
(*Pro Hac Vice* Motion Pending)
Lauren H. Zeldin, Esq.
(*Pro Hac Vice* Motion Pending)
  *On the Brief.*

**ASHE, RAFUSE & HILL LLP**
1355 Peachtree Street, N.E., Suite 500
Atlanta, Georgia 30309-3232
Telephone: (404) 253-6000
danturner@asherafuse.com
laurenzeldin@asherafuse.com


Counsel for Defendants Rite Aid of New York, Inc. and Rite Aid Corporation

NE:3154663v1

I.   INTRODUCTION

This action – a putative collective and class action under Section 216(b) of the Fair Labor Standards Act ("FSLA") and Federal Rule of Civil Procedure 23 – alleges that Assistant Store Managers for Defendants Rite Aid Corporation[1] and Rite Aid of New York, Inc. d/b/a Rite Aid (collectively "Rite Aid" or "Defendants") were erroneously classified as exempt from the overtime requirements of New York Labor Law § 215, *et seq.* ("New York wage law") and the FLSA. A lawsuit containing identical allegations against the exact same Defendants – *Indergit v. Rite Aid Corporation and Rite Aid of New York, Inc.*, 08 Civ. 9361 (PGG) (S.D.N.Y.) ("*Indergit*") – was filed in this Court <u>ten months before</u> the instant action was filed.[2] (*See Indergit* Compl., attached as Ex. A. Because the parties and allegations in these two lawsuits are virtually identical, and because *Indergit* was filed first, Rite Aid respectfully requests that this Court dismiss this case pursuant to the first-filed rule. Alternatively, Rite Aid requests that the Court stay proceedings in this action until Judge Gardephe, to whom *Indergit* is assigned, resolves Rite Aid's request to file a Motion for Permanent Injunction of Later-Filed Action.[3]

---

[1] Rite Aid Corporation was not, and never has been during the relevant time frame, Plaintiff's employer. Plaintiff's employer at all relevant times was Rite Aid of New York, Inc. Rite Aid Corporation appears specially and without waiver of any jurisdictional defenses.

[2] On December 31, 2008, approximately two months after *Indergit* was filed and eight months before the instant action was filed, a second case, containing virtually identical allegations and Fed. R. Civ. P. 23 class action claims under the New York wage law against the exact same Defendants, *Naula et al. v. Rite Aid of New York, Inc. d/b/a Rite Aid and Rite Aid Corp.*, 08 Civ. 11364 (JGK) was filed in this Court. (*See Naula* Compl, attached as Ex. B). Defendants filed a similar "Motion to Dismiss or, Alternatively, to Stay Under the 'First-Filed' Rule," which is currently pending before Judge Koeltl.

[3] Rite Aid is seeking permission from Judge Gardephe to file a motion to enjoin or consolidate proceedings in this duplicative action. Second Circuit law provides that the court in which the first action is filed may determine whether the first-filed rule should be invoked. *Schnabel v. Ramsey Quantitative Sys., Inc.*, 322 F. Supp. 2d 505, 509-10 (S.D.N.Y. 2004). Because of a prior order in *Indergit*, the parties must seek permission from the Court to file any motions. A

## II. FACTUAL & PROCEDURAL BACKGROUND

### A. The Current Action.

The instant action was filed in this Court on September 2, 2009. (Dkt. Entry No. 1.) Plaintiff Georgianna Gordon,[4] a former employee of Rite Aid of New York, Inc., filed this lawsuit alleging that while she was employed as an Assistant Store Manager, Rite Aid improperly classified her as exempt and failed to pay her overtime wages in violation of New York wage law and the FLSA.[5] (Compl. ¶¶ 1, 2, 26-33.) Plaintiff claims that, despite her classification as an exempt employee, Rite Aid routinely required Plaintiff to work in excess of 40 hours per week and perform primarily non-managerial duties, such as stocking shelves. (*Id.* ¶¶ 25-27.) Plaintiff alleges this was done pursuant to a company policy aimed at avoiding paying overtime compensation. (*Id.* ¶¶ 42, 55.) Based on these allegations, which Defendants deny, Plaintiff seeks to represent a collective action of similarly-situated persons pursuant to Section 216(b) of the FLSA (which she appears to allege includes all current and former Assistant Store Managers) and a Rule 23 class of similarly-situated persons (which she appears to allege includes all current and former Assistant Store Managers of Rite Aid within the State of New York). (*See generally, Plaintiff's Complaint at First and Second Claims for Relief and Prayer for Relief.*)

---

copy of the request to Judge Gardephe, which was sent contemporaneously with this Motion, is attached as Ex. C. Assuming Judge Gardephe permits it to do so, Rite Aid will file its motion in *Indergit*.

[4] Plaintiff's last name is misspelled in the case caption as "Gordan."

[5] Plaintiff was promoted to the position of Store Manager in early 2008. Her employment ended in June 2009. (Compl. ¶¶ 25, 26).

### B. The Earlier Action.

The *Indergit* case was filed ten months before the instant action, on October 31, 2008. *See* Complaint, Ex. A. That lawsuit was brought by Yatram Indergit ("Mr. Indergit"), a former Rite Aid Store Manager.[6] (*Id.* ¶ 34.) Mr. Indergit alleges that he and others similarly situated to him were improperly classified as exempt employees. (*Id.* ¶¶ 10-12, 22.) Like Plaintiff in the instant case, Mr. Indergit alleges that Rite Aid routinely required its exempt Assistant Store Managers to work more than 40 hours per week and perform primarily non-managerial duties, such as "cashiering and stocking shelves." (*Id.* ¶ 39.) Mr. Indergit also alleges that this conduct violates the FLSA and New York wage law and seeks certification of a Rule 23 class consisting of all current and former Assistant Store Managers of Rite Aid within the State of New York, as well as a nationwide collective action pursuant to Section 216(b) of the FLSA consisting of all current and former Assistant Store Managers.[7] (*Id.* ¶¶ 9-10, 22.) Defendants deny all allegations of wrongdoing in the *Indergit* Complaint.

## III. ARGUMENT AND CITATION TO AUTHORITY

### A. The Second Circuit Follows the First-Filed Rule.

The "first-filed" rule is a well-established doctrine of federal comity that was first recognized in *Smith v. McIver*, 22 U.S. 532, 535 (1824), in which the Supreme Court held that "[i]n all cases of concurrent jurisdiction, the Court which first has possession of the subject must decide it." The rule has been reinforced repeatedly through the years by the Supreme Court.

---

[6] On March 6, 2009, Mr. Indergit filed an Amended Complaint naming Rite Aid of New York, Inc. as an additional defendant. (*Indergit* Am. Compl., attached as Ex. D). In all other respects relevant to this Motion, Mr. Indergit's Amended Complaint is identical to his original.

[7] Mr. Indergit defines his purported class and collective actions to also include current and former Store Managers. In addition to his Rule 23 class action claims under New York wage law and his FLSA claims, Mr. Indergit asserts certain individual claims, such as for alleged age discrimination and retaliation. (*Id.* ¶¶ 62-76.) Rite Aid denies that any of Mr. Indergit's claims have merit.

*See, e.g.*, *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts … the general principle is to avoid duplicative litigation."). "The purposes behind this rule are to avoid duplication of judicial effort, to avoid vexatious litigation in multiple forums, to achieve comprehensive disposition of litigation among parties over related issues, and to eliminate the risk of inconsistent judgments." *Fleet Capital Corp. v. Mullins*, 2004 WL 548240, at *4 (S.D.N.Y. Mar. 18, 2004) (Holwell, J.) (footnote omitted).

The Second Circuit follows the first-filed rule, which gives a "strong presumption" in favor of the first-filed suit when multiple similar actions have been brought in different federal courts. *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991). The rule applies when "substantially similar parties and claims are present in both courts." *In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116-17 (2d Cir. 1992); *see also Am. Steamship Owners Mut. Protection & Indem. Ass'n, Inc. v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 481-82 (S.D.N.Y. 2007) (Haight, C.); *Spotless Enters. Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 205 (E.D.N.Y. 2006). If the cases are substantially similar, the second action must be dismissed, stayed, enjoined, or consolidated with the first action. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("[A] court faced with a duplicative suit will commonly stay the second suit, dismiss it without prejudice, enjoin the parties from proceeding with it, or consolidate the two actions."). Under the first-filed rule, courts require that any party who objects to the competing cases proceeding in the first-filed court must carry the burden of proving "special circumstances" or a balance of convenience to justify an exception to the rule. *Employers Ins. of Wausau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008).

### B. Application of the First-Filed Rule in the Class and Collective Action Context.

Federal courts have consistently applied the first-filed rule in the context of overlapping Rule 23 class actions.  *E.g.*, *Persepolis Enter. v. UPS, Inc.*, 2007 WL 2669901, at *2 (N.D. Cal. Sept. 7, 2007); *City of Columbus v. Hotels.com, L.P.,* 2007 WL 2029036, at *5 (S.D. Ohio July 10, 2007); *Byerson v. Equifax Info. Servs., LLC*, 467 F. Supp. 2d 627, 635-36 (E.D. Va. 2006); *Weinstein v. Metlife, Inc.,* 2006 WL 3201045, at *4 (N.D. Cal. Nov. 6, 2006); *Dist. Council 37 Health & Sec. Plan v. McKesson Corp.*, 2006 WL 1305235, at *1 (N.D. Cal. May 11, 2006); *Walker v. Progressive Cas. Ins. Co.,* 2003 WL 21056704, at *2 (W.D. Wash. May 9, 2003); *Reisman v. Van Wagoner Funds, Inc.,* 2002 WL 1459384, at *1 (D. Del. June 7, 2002); *Peak v. Green Tree Fin. Servicing Corp.*, 2000 WL 973685, at *3 (N.D. Cal. July 7, 2000).  Moreover, in the wage and hour context, federal courts have applied the first-filed rule with particular force. For example, in *Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686, 688 (E.D. Tenn. 2005), the Eastern District of Tennessee addressed two competing FLSA collective actions relating to the same employment positions at Abercrombie & Fitch ("Abercrombie").  Plaintiff Mitchell filed an FLSA collective action in federal court in Ohio in June 2003.  *Id*. at 689.  In December 2004, plaintiff Fuller filed a separate collective action under the FLSA in Tennessee. *Id*.  Both named plaintiffs were former managers-in-training and assistant managers at Abercrombie, and both purported to represent the same class of individuals in claiming that they were not properly compensated for overtime work.  *Id*.  In *Fuller*, the Tennessee court considered a motion to transfer or stay the second-filed action and ultimately transferred it to Ohio pursuant to the first-filed rule.  *Id*. at 690-91.

In reaching this conclusion, the court considered three factors in determining whether the two actions were sufficiently duplicative such that the first-filed rule should apply:  (1) the

chronology of the actions; (2) the similarity of the parties involved; and (3) the similarity of the issues. *Id*. at 688. In evaluating these three factors, the court emphasized: "Importantly, the parties and issues need not be identical …. Rather, the crucial inquiry is whether the parties and issues substantially overlap." *Id*. (citations omitted).

In analyzing the similarity of the parties involved, the *Fuller* court concluded that the parties substantially overlapped. Despite Fuller's arguments that the named plaintiffs were different individuals and the opt-in feature of the collective action could result in different collective classes, the Court focused on the fact that the named plaintiffs were both former Abercrombie employees who held the same positions, and the fact that the claims in both cases were based on the plaintiffs' employment positions with Abercrombie. *Id*. at 689. The court also noted that the named plaintiffs were seeking to represent the exact same class. *Id*. While the court acknowledged that there were some differences in the parties, it emphasized that – like under Second Circuit law – in order for the first-filed rule to apply, the actions must only substantially overlap, and that they need not be exactly identical. *Id*. at 689-90.

The *Fuller* court also found that the issues in both cases substantially overlapped. Both named plaintiffs were claiming that Abercrombie had failed properly to compensate their managers-in-training and assistant managers for overtime work. *Id*. at 690. The court acknowledged that Fuller had asserted a claim that Mitchell had not – that Abercrombie required others to work off-the-clock without pay – but it ultimately concluded that this extra claim did not undermine application of the first-filed rule. *Id*.

Based on its finding that the first-filed rule applied, the *Fuller* court transferred the Tennessee action to the district court in Ohio. Notably, *Fuller* does not stand alone in its application of the first-filed rule in the context of competing wage and hour collective actions.

*See, e.g.*, *England v. New Century Fin. Corp.*, 370 F. Supp. 2d 504, 506-07 (M.D. La. 2005) (noting that later-filed FLSA collective action had been transferred to first court and consolidated with first-filed action); *Walker*, 2003 WL 21056704 at *3 (dismissing later-filed class action in deference to first-filed FLSA collective action); *Steavens v. EDS Corp.*, 2008 WL 5062847, at *3 (E.D. Mich. Nov. 25, 2008) (transferring later-filed FLSA collective action to New York to avoid "duplicative litigation and conflicting judgments"); *White v. Peco Foods, Inc.*, 546 F. Supp. 2d 339, 343 (S.D. Miss. 2008) (transferring later-filed FLSA collective action that "substantially overlapped" with prior case filed in Alabama); *Brown v. Peco Foods, Inc.*, 2008 WL 4145428, at *3 (S.D. Miss. Feb. 25, 2008) (same); *Luckett v. Peco Foods, Inc.*, 2008 WL 534760, at *3 (S.D. Miss. Feb. 22, 2008) (same); *Jumapao v. Washington Mutual Bank*, 2007 WL 4258636, at *3 (S.D. Cal. Nov. 30, 2007) (transferring later-filed FLSA collective action that involved "substantially similar issues" to New York); *Benavides v. Home Depot USA, Inc.*, 2006 WL 1406722, at *2 (S.D. Tex. May 19, 2006) (transferring later-filed FLSA collective action that involved "identical" claims to New Jersey).

### C. This Case Should be Dismissed Pursuant to the First-Filed Rule.

The case at bar is essentially indistinguishable from *Fuller*. The *Indergit* action is clearly the first-filed action, as it was filed ten months before the case pending before this Court. There is also substantial similarity in the parties. Rite Aid Corporation and Rite Aid of New York, Inc. are defendants in both actions. Although Mr. Indergit and Plaintiff are different individuals, they are both former employees of Rite Aid of New York, Inc., and their purported claims arise out of their employment positions. Significantly, Mr. Indergit and Plaintiff seek to represent the very same class of current and former Assistant Store Managers. *Persepolis*, 2007 WL 2669901 at *2 ("The first-to-file rule requires the court in a class action suit to compare the proposed classes,

not their representatives."). Indeed, Plaintiff, as a former Assistant Store Manager is, by definition, a member of the putative class action alleged in *Indergit*.[8] Thus, as in *Fuller*, the parties to this action and to *Indergit* substantially overlap.

The same is true of the issues presented in the two cases. Plaintiff's substantive allegations are virtually identical to the Rule 23 and FLSA allegations in *Indergit*. Mr. Indergit and Plaintiff both base their claims on Rite Aid's allegedly improper classification of its Assistant Store Managers as exempt under New York wage law and the FLSA. (*Compare* Compl. ¶¶ 1, 2, 34 with *Indergit* Compl. ¶ 10, 22.) Both cases allege that Rite Aid routinely required Assistant Store Managers to work in excess of 40 hours per week and perform primarily non-managerial duties, such as stocking shelves, which Rite Aid denies. (*Compare* Compl. ¶¶ 27, 29 with *Indergit* Compl. ¶ 39.) Both cases allege that this was done pursuant to a uniform, company-wide policy aimed at avoiding paying overtime compensation, which Rite Aid denies. (*Compare* Compl. ¶¶ 42, 55 with *Indergit* Compl. ¶¶ 36-43.) And both cases seek the same relief under the same substantive law while requesting certification under Rule 23 and Section 216(b) of the same putative class of Assistant Store Managers. (*Compare* Compl. at *First and Second Claims for Relief and Prayer for Relief* with *Indergit* Compl. ¶¶ 9-10, 22). Therefore, the issues presented in this case and in *Indergit* are substantially overlapping. *Cuyahoga*, 980 F.2d at 116-17 (the first-filed rule applies to "substantially similar parties and claims").

Given that *Indergit* was filed before the instant case, and given the substantial overlap between the parties and the issues presented, the first-filed rule applies here, and the issues raised in this case are already being litigated in *Indergit*. Rite Aid therefore requests that the Court

---

[8] Although Plaintiff does not assert claims arising from the Store Manager position she held with Rite Aid of New York, Inc., by definition, she is also a member of *Indergit's* putative class of current and former Store Managers.

dismiss this action pursuant to the first-filed rule. *See McKesson*, 2006 WL 1305235 at *3 (dismissing case where second action was "substantially similar" to first-filed action); *Walker*, 2003 WL 21056704 at *3 (dismissing later-filed class action in deference to earlier-filed FLSA case); *Peak*, 2000 WL 973685 at *3 (granting dismissal without prejudice of a proposed class similar to one already pending in a different federal court under the first-to-file rule). Dismissal will fulfill the purposes of the first-filed rule by avoiding duplication of judicial effort and vexatious litigation in multiple forums. *Fleet Capital*, 2004 WL 548240 at *4. Dismissal will also achieve comprehensive disposition of this litigation and eliminate the risk of inconsistent judgments. *Id*.

Alternatively, if the Court declines to dismiss the case, Rite Aid requests the Court stay further proceedings in this action pending a ruling by Judge Gardephe in *Indergit* on Rite Aid's Motion for Permanent Injunction of Later-Filed Action. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *White v. Microsoft Corp.*, 2006 U.S. Dist Lexis 77010, at *19 (S.D. Ala. Apr. 3, 2006) (staying proceedings in a class action while another court, before which a previously filed similar case was pending, considered a motion to apply the first-filed rule to both cases); *Klabo v. Myhre*, 2004 WL 554794, at *4 (N.D. Ind. Feb. 6, 2004) (stay of proceedings appropriate where competing class action is in another federal court).

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court grant this Motion and enter an Order: (1) dismissing this case pursuant to the first-filed rule; or (2) staying

proceedings in this action pending Judge Gardephe's resolution of Rite Aid's request to file a Motion for Permanent Injunction of Later-Filed Action.

Respectfully submitted, this the 8th day of October, 2009.

|  |        s/Patrick Brady<br>Patrick G. Brady, Esq.<br>Bar No. PB1114<br>pbrady@ebglaw.com<br>**EPSTEIN BECKER & GREEN, P.C.**<br>250 Park Avenue<br>New York, New York 10177-1211<br>Telephone: (212) 351-4500<br><br>Two Gateway Center, 12th Floor<br>Newark, New Jersey 07102-5003<br>Telephone: (973) 642-1900<br>Facsimile: (973) 639-8556<br><br><br>Daniel E. Turner, Esq.<br>(*Pro Hac Vice* Motion Pending)<br>danturner@asherafuse.com<br>Lauren H. Zeldin, Esq.<br>(*Pro Hac Vice* Motion Pending)<br>laurenzeldin@asherafuse.com<br>**ASHE, RAFUSE & HILL LLP**<br>1355 Peachtree Street, N.E.<br>Suite 500<br>Atlanta, Georgia 30309-3232<br>Telephone: (404) 253-6000<br>Facsimile: (404) 253-6060<br><br><br>Counsel for Defendants Rite Aid of New York, Inc. and Rite Aid Corporation |
|---|---|